## MANLEY v. PATTERSON.

In an action to recover the possession of personal property, the plaintiff claimed the immediate delivery of the property, and served the sheriff with the affidavit, notice, and undertaking mentioned in the Code. The defendant excepted to the sureties named in the undertaking, and they omitted to justify. The sheriff returned that the property in question had been concealed or removed, so that the same could not be taken by him. On this the plaintiff obtained an order of arrest, and the defendant was arrested. On motion to vacate the order of arrest, *Held,* that the defendant was not entitled to his discharge from custody, or to have the action discontinued, either because the plaintiff's sureties omitted to justify, or on showing that such sureties were insufficient or insolvent; that on such a motion the sheriff's return is *prima facie* evidence that the property has been concealed or removed to prevent its being taken; but the defendant may rebut the presumption thus raised, and on its appearing that the defendant neither concealed, removed, or disposed of the property, to prevent its being taken, the court will vacate the order of arrest.

*Semble.* That where goods have been taken from the defendant, and delivered to the plaintiff, the court has no power to order the return of the goods because the plaintiff's sureties are insufficient or insolvent.

THIS was an action for the recovery of personal property. It appeared that the plaintiff had claimed the immediate delivery of the property, under chapter two, title seven, of the Code, and that he had served the sheriff with the affidavit, notice and undertaking, required; that the defendant had excepted to the sureties named in the undertaking, and they had omitted to justify; and that afterward the sheriff made a return that the goods in question had been concealed, removed, or disposed of, so that they could not be found or taken by him. On this return the plaintiff obtained an order for the arrest of the defendant, and on that order the defendant had been arrest-

ed. Defendant now moved to have the order of arrest vacated; that he be discharged out of custody, and to have the action discontinued, on the ground that the plaintiff's sureties had omitted to justify; that they were insufficient, and that the defendant had not concealed, removed, or disposed of, the property in question, so that the same could not be found or taken by the sheriff.

*Edmonds, J.:* In this case, when is an action for the recovery of the possession of personal property, the question arises, what are the consequences of the plaintiff's omitting to have his sureties justify when excepted to? The Code has provided for the omission of the defendant's sureties to justify when he demands a return of the property. In such case the property shall be delivered to the plaintiff. But the Code is entirely silent as to what is to be done in the event of such an omission by plaintiff, except that it provides that the sheriff shall be responsible for the sufficiency of the sureties until they do justify. Is that all the remedy for the defendant in such case? or may he have a return of the property to him, or a discontinuance of the suit?

He cannot have a discontinuance of the suit, because the proceedings of the plaintiff to obtain possession of the property are not now, as they formerly were, a part of the machinery of commencing the suit. An action of replevin, as it may yet be called, may be commenced and carried on to judgment, without the plaintiff's ever demanding the possession of the property, as he need not demand the delivery of the property at the time of issuing the summons; and the final judgment may be for the value of the property, if the plaintiff please to waive a return, so that the suit may go on without the plaintiff entitling himself to the immediate possession of the property, and it would clearly not be proper to order it to be discontinued because of his omission to do so.

So, too, it would be improper, while the property is in the sheriff's hands, and before he delivered it over to either of the parties, to stay it there, or order it delivered over to the de-

Manley v. Patterson.

fendant by reason of any such omission; because if the defendant does not within three days demand a return of the property to him, the sheriff is bound to deliver it to the plaintiff without any reference to the fact whether his sureties justify or not; and, after it has been thus delivered, I can discover no power in the court to order it redelivered to the defendant, except on final judgment, nor any mode in which an order for its redelivery, prior to judgment, can be enforced; so that it would seem that when the property has been delivered to the plaintiff, even when his sureties are utterly worthless, the statute has provided no remedy, except the sheriff's responsibility for the plaintiff's omission to justify his sureties, though it has provided, in case the defendant omits to justify his sureties, for two remedies, viz.: the sheriff's responsibility, and an order for its delivery to the plaintiff.

When the property has not been delivered to the plaintiff, though its immediate possession has been claimed, it would seem that the court is equally unable to afford a remedy. When the sheriff has returned that the property is eloigned so that it cannot be replevied, the plaintiff may apply for an order to arrest the defendant and hold him to bail. To that order the plaintiff has an absolute right, when it shall appear to the judge that a sufficient cause of action exists, and that the property has been eloigned; and I do not see that the judge has any right to refuse the order to arrest, even if he is fully aware that the plaintiff has put in sham security; and if for that cause he cannot, in the first instance, refuse the order, the court could hardly, for that cause, afterward set it aside.

So that it appears to me, that in every aspect of the law, if the sheriff has taken sham security, and, on that, the property has been delivered to the plaintiff, or, for want of that, the defendant has been arrested and held to bail, he is entirely without remedy, except the responsibility of the sheriff.

This ground of defendant's motion to vacate the order of arrest therefore fails.

But there is another ground on which I think the motion can be sustained.

The arrest is founded on the fact that the property has been concealed, removed, or disposed of, so that the sheriff could not find or take it, and not on the fact that the sheriff so returns, so that even when the sheriff makes such return, as he has in this case, it is still open to inquiry, on a motion to vacate the order to arrest, whether in fact it is so.   The sheriff may have been deceived, or been misinformed, and the defendant's liability to be arrested is not to be affected thereby, and though, *prima facie*, such return may be sufficient to warrant an order to arrest, yet the defendant may apply by affidavits on his part, and, of course, by setting up new facts, to vacate the order.

Such is the application in this case, and, on the affidavits, I am satisfied that the defendant had not so removed, concealed, or disposed of, the property as to warrant his arrest, but, on the other hand, made such disposition of it as his duty required.

The plaintiff's mistake has been in bringing his suit against the wrong person, and he cannot now correct that mistake merely by proving that the defendant once had the property in his possession, when it clearly appears that he parted with it legally and openly.

The order of arrest must be vacated.